FILED
CLERK
8/2/2013 3:39 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SIROB IMPORTS, INC.,

                  Plaintiff,

    -against-

PEERLESS INSURANCE COMPANY,

                  Defendant.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
12-CV-5576 (ADS) (ETB)

**APPEARANCES:**

**Law Office of Mitchell J. Winn**
*Attorneys for the Plaintiff*
585 Stewart Avenue
Suite 544
Garden City, NY 11530
    By:   Mitchell J. Winn, Esq., Of Counsel

**Mura & Storm, PLLC**
*Attorneys for the Defendant*
930 Rand Building, 14 Lafayette Square
Buffalo, NY 14203
    By:   Scott D. Storm, Esq., Of Counsel

**SPATT, District Judge.**

On August 31, 2012, the Plaintiff Sirob Imports, Inc. (the "Plaintiff") commenced this action against the Defendant Peerless Insurance Company (the "Defendant"), seeking a judgment against the Defendant for breach of contract based on a fire insurance policy ("the policy"). The Plaintiff asserts that the Defendant unlawfully refused to pay for repairs to damaged portions of the Plaintiff's property that resulted from a fire.

Presently before the Court is the Defendant's motion to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and/or Federal Rule of Civil Procedure 56 ("Rule 56"). In

1

particular, the Defendant contends that the Court lacks subject matter jurisdiction in this case, as the Plaintiff's claim is not ripe for adjudication. Further, the Defendant asserts that the Plaintiff has breached one of the conditions of the policy and is thus precluded from recovery. Lastly, according to the Defendant, there is no genuine issue of material fact for trial and so summary dismissal is appropriate.

The Plaintiff opposes the Defendant's motion on the ground that the Defendant committed an anticipatory breach. In this regard, according to the Plaintiff, it was thereafter relieved from any further contractual obligations and was entitled to immediately bring suit.

For the reasons set forth below, the Defendant's motion is granted.

## I. BACKGROUND

Unless otherwise stated, the following facts are drawn from the Plaintiff's Complaint, its memorandum of law, and the Defendant's Combined Statement of Material Facts and Opponent's Response, and construed in a light most favorable to the Plaintiff

**A. The Underlying Facts**

The Plaintiff is a corporation organized and existing under the laws of New York. The Defendant is a corporation domiciled, organized and existing under the laws of the State of New Hampshire. The Plaintiff is in the business of importing, storing, and selling ethnic foods to retailers. The Plaintiff's property, located at 21 Gear Avenue, Lindenhurst, New York, is a one-story masonry building, which is used as a warehouse for storing and a machine shop for repackaging. The Plaintiff's property also contains its main offices for sales and marketing.

On or about July 30, 2010, the Plaintiff purchased from the Defendant a commercial business policy insuring the Plaintiff's premises and property. In this regard, the policy insured the Plaintiff's real and personal property and income against all risks of loss, except as

specifically excluded, for, among other things, damage resulting from fire and its effects and/or loss of use of the Plaintiff's premises. The policy was in effect from July 30, 2010 through July 30, 2011.

In pertinent part, the policy states that in the event of loss or damage, the Defendant must either "(1) pay the value of lost or damaged property [or] (2) pay the cost of repairing or replacing the lost or damaged property . . . [so long as] the cost . . . does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property." (Pl's Mem, pg. 5). The policy further provides that the Defendant will not pay replacement costs "(1) [u]ntil the lost or damaged property is actually repaired or replaced; and (2) [u]nless the repairs or replacement are made as soon as reasonably possible after the loss or damage." (Stmnt. of Facts, ¶ 14).

Also, the policy provides "law or ordinance" coverage as well. In this regard, the Defendant agreed to provide coverage to the Plaintiff if the enforcement of a law or ordinance requires demolition of the property and that ordinance or law regulates the reconstruction. (See Pl's Mem, at 7). The policy further states that the Defendant will not pay the increased costs of construction "[u]ntil the property is actually repaired or replaced" and "[u]nless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years." (Pl's Mem, at 7–8).

Finally, the policy provides that the Plaintiff may not bring legal action against the Defendant unless "(1) [t]here has been full compliance with all of the terms of this Coverage Part; and (2) [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (Stmnt. of Facts, at ¶ 13).

On September 4, 2010, the Plaintiff's premises sustained damage due to an accidental fire. On or about September 5, 2010, the Plaintiff reported the fire to the Defendant. In response, the Defendant acknowledged notice of the fire; assigned the incident a claim number; and initiated an investigation by hiring an independent claims adjuster and a commercial contractor to estimate the alleged damages. Thereafter, the Plaintiff has temporarily moved its headquarters to a different location while the undamaged portion of the Plaintiff's property remains in use as a warehouse.

On or about April 12, 2011, the Defendant paid to the Plaintiff the "actual cash value" of $1,604,383.97, which represents the depreciated value of the damaged property. However, the parties do not agree on the replacement cost value, as the Plaintiff contends that this figure depends on the cost of completion of reconstruction and/or repair.

With respect to the reconstruction and repair of the property, the Plaintiff asserts that the enforcement of zoning laws has delayed the rebuilding process. In this regard, the Plaintiff alleges that it originally requested permission from the Town of Babylon to replace the premises as it was before the fire. However, the Town's enforcement of its zoning and building codes prevented the Plaintiff from replacing the building as it was and required certain changes, among other things, to available parking. Accordingly, the Plaintiff has attempted to comply with the Town's directives so that the rebuilding process could proceed. To date, the Plaintiff has only completed the demolition of the fire-damaged premises.

Furthermore, while the Plaintiff has not yet incurred damages in excess of the actual cash value, it seeks the Defendant's acknowledgement that the Defendant will provide replacement cost coverage, notwithstanding the expiration of the two-year period since the loss occurred, so long as replacement is completed as soon as reasonably practicable. In this regard, the Plaintiff

contends that this assurance of coverage allows insureds to rebuild damaged premises with the knowledge that it will receive insurance proceeds to fund the rebuilding.

However, the Defendant refuses to provide coverage for the damaged portions of the Plaintiff's property. The Defendant initially refused to pay, invoking the Ordinance or Law section of the policy, which would have precluded the Plaintiff from recovering because replacement and repairs were not completed within two years from the date of the loss. The Plaintiff then asserted that the Law or Ordinance provision did not apply because it only covers situations in which the increased cost of construction results directly from "the municipality requiring the demolition of otherwise undamaged buildings, whereas in the present case the building in question was completely destroyed by the subject fire." (Stmnt. of Facts, at ¶ 15). After receiving the Plaintiff's complaint, the Defendant still refused to provide coverage, asserting that the delay in rebuilding was the result of the Plaintiff's attempt to change the building "footprint." (Stmnt. of Facts, at ¶ 15). In response, the Plaintiff contends that it did not seek to change the building's footprint, but rather the delay in rebuilding was a result of the Town's zoning requirements. In any event, the Defendant maintains that "repairs must be completed on September 4, 2012, the two-year anniversary of the date on which the direct physical loss or damage occurred." (Stmnt. of Facts, at ¶ 15) (emphasis removed).

**B. Procedural History**

On or about August 31, 2012, the Plaintiff commenced this action in the New York State Supreme Court, County of Suffolk. On November 5, 2012, the Defendants removed this case to this Court on the basis of diversity jurisdiction.

The Plaintiff alleges that the Defendant's actions violated the insurance policy in that the Defendant improperly refused to pay for repairs to the damaged portions of the premises and

5

property. With respect to the fact that repairs have taken more than two years to complete, the Plaintiff further alleges that this delay was caused by the need to comply with local law enforcement regulation. Accordingly, the Plaintiff asserts that the Defendant's continued refusal to pay for the Plaintiff's damages constitutes a breach of contract. As a result of the Defendant's actions, the Plaintiff asserts it has suffered damage to its property and premises in a sum exceeding $2,288,248.14.

On March 15, 2013, the Defendant moved to dismiss the complaint. First, the Defendant maintains that the Court lacks subject matter jurisdiction in this case as it is not yet ripe for decision. In this regard, the Defendant contends that the Plaintiff has failed to satisfy the conditions precedent to the policy; namely, the property has not been repaired within two years. Second, the Defendant insists that the Plaintiff has breached the "Legal Action Against Us" condition of the policy as well, which requires that the Plaintiff fully comply with all of the terms of the policy prior to commencing suit. Third, the Defendant asserts that because this case only involves a question of law, it is appropriate for this Court to resolve the matter by summary judgment.

In opposition, the Plaintiff asserts that the Defendant committed an anticipatory breach when it expressed its refusal to pay the replacement costs unless repairs were completed within two years. Therefore, the Plaintiff contends that it did not bring this suit prematurely, as the Defendant's actions permitted the Plaintiff to commence suit immediately. Furthermore, the Plaintiff argues that the policy contains no two-year deadline to complete reconstruction. In this regard, the Plaintiff asserts that (1) completing repairs within two years is not a condition precedent of the policy; and (2) no ordinary businessman would reasonably believe that the building had to be rebuilt within two years, irrespective of the extent of the damage.

## II. DISCUSSION

### A. Legal Standard on a Rule 12(b)(1) Motion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but it is not required to draw all reasonable inferences in the plaintiff's favor." DeFalco v. Dechance, No. 11-CV-05502 (ADS)(ETB), 2013 WL 2658641, at *4 (E.D.N.Y. June 13, 2013) (citing J.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). Rather, the party asserting subject matter jurisdiction "has the burden of proving beyond a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113. In addition, the Court may consider evidence beyond the pleadings; however, the Court "may not rely on conclusory or hearsay statements contained in the affidavits." Lewis v. Carrano, 844 F. Supp. 2d 325, 329 (E.D.N.Y. 2012).

Moreover, this Court has subject matter jurisdiction only over cases that are "ripe for adjudication." Exec. Plaza, LLC v. Peerless Ins. Co., CV 09-1976, 2010 U.S. Dist. LEXIS 99602, at *7 (E.D.N.Y. Feb. 8, 2010) ("Exec. Plaza I") (citing 28 U.S.C.A. § 2201). In this regard, "ripeness is jurisdictional in nature and therefore properly considered on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp. 2d 293, 294 (S.D.N.Y. 2003).

### B. As to Ripeness in This Case

Courts in this circuit have previously considered whether a plaintiff's claim was properly brought before the Court where the insurance policy contained the substantially similar

provisions to those in dispute here.  For example, in Exec. Plaza I, the Court found that the plaintiff's breach of contract claim for the replacement costs of damaged property failed for lack of ripeness because the plaintiff failed to comply with a "clear and unambiguous" contractual condition precedent, that is, the requirement to completely repair or replace the damaged property before making a claim.  In addition, the Court noted that it would be "merely advisory . . . to render a decision as to whether [the defendant] ha[d] breached any obligation to pay replacement costs where any such costs have yet to be incurred [by the plaintiff]."  2010 U.S. Dist. LEXIS 99602, at *10.

Similarly, in Exec. Plaza, LLC v. Peerless Ins. Co., No. 11-CV-1716 (JS)(GRB), 2012 WL 910086, at *5, 6 n.6 (E.D.N.Y. Mar. 13, 2012) ("Exec. Plaza II"), the Court found that the plaintiff's action was time-barred as per a "Legal Action Against Us" provision.  As such, the Court did not address the merits of the defendant's ripeness argument.  Id., at *5.  However, the Court interpreted the two disputed provisions and found that the defendant's interpretation, which would require all reconstruction to be completed within two years, "comport[ed] with the [p]olicy's plain meaning."  Id.  In that case, the plaintiff asserted "that [the defendant's] interpretation was "a bad faith manipulation" of the policy language and would "render part of the Conditions Precedent Provision meaningless."  Id.  The plaintiff further asserted that the defendant's interpretation was "absurd" because the requirement to comply with zoning variances made it impossible to complete reconstruction within two years.  Id.  The Court disagreed, finding that the plaintiff "must fully comply with the Conditions Precedent Provision – by actually repairing the lost or damaged property as soon as reasonably possible – within two years of the loss or damage."  Id.

Furthermore, in <u>Alloush v. Nationwide Mut. Fire Ins. Co.</u>, No. 1:05-CV-1173 (FJS/DRH) 2008 WL 544698, at *5 (N.D.N.Y. Feb. 26, 2008), the Court dismissed the plaintiff's breach of contract claim for lack of subject matter jurisdiction where the plaintiff failed to replace his damaged property, a contractual condition precedent. The Court noted that the defendant did not breach its contractual obligations under the insurance policy because "it [was] not required to pay [the] [p]laintiff replacement costs until [the] [p]laintiff actually replace[d] the insured premises and incur[red] [such] costs." <u>Id.</u> The Court further explained that the case would "only be ripe for decision" once the plaintiff actually filed a claim to recover its replacement costs and the defendant subsequently refused to provide coverage. <u>Id.</u>

The Court finds the other District Courts' interpretations of similar insurance policy language to be persuasive. In accordance with those decisions, the Court finds that the Plaintiff was required to complete repairs or reconstruction within two years of the date of the incident before the Defendant must provide replacement cost coverage. <u>See</u> <u>Exec Plaza I,</u> U.S. Dist. LEXIS 99602, at *9 ("damaged property [must] be completely repaired or replaced before making a claim to be reimbursed for the actual replacement cost."); <u>see</u> <u>also</u> <u>Exec Plaza II,</u> 2012 WL 910086, at *5 (finding that "the [plaintiff's] [p]roperty must be replaced within two years of the loss or damage . . .prior to commencing suit.") The Plaintiff concedes that it has not yet completed repairs or reconstruction on the subject premises. (Stmnt. of Facts ¶ 19). Consequently, the Plaintiff failed to satisfy the condition precedent and therefore, breached the "legal action" provision of the policy.

The Plaintiff contends that <u>Exec. Plaza I</u> and <u>Exec. Plaza II</u> are distinguishable because, unlike in those cases, the Defendant here committed an anticipatory breach by expressing its refusal to provide coverage, thereby relieving the Plaintiff of its duties under the policy and

9

authorizing the Plaintiff to bring immediate suit. See Lucente .v Int'l Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("Anticipatory repudiation occurs when, before the time for performance has arisen, a party to a contract declares his intention not to fulfill a contractual duty."); see also Barton Group, Inc. v. NCR Corp., 796 F. Supp. 2d 473, 500 (S.D.N.Y. 2011) (The nonrepudiating party may "elect to treat the repudiation as an anticipatory breach and seek damages for breach of contract, thereby terminating the contractual relation between the parties") (internal citations omitted).

Even assuming an anticipatory breach on the part of the Defendant would render this case ripe, the Court cannot accept the Plaintiff's characterization of the Defendant's actions as a conclusive anticipatory breach. Rather, the question of whether an anticipatory breach occurred is a question of law for the Court to resolve. In this regard, whether an anticipatory breach occurred depends on whether the Plaintiff was required to complete repairs within two years of the date of the incident or within a reasonable time. As the Court previously found, the Plaintiff was required to complete repairs within two years of the date of the incident. The Plaintiff did not perform this condition, and the Court finds that the Defendant did not breach the contract, let alone anticipatorily breach the contract, in refusing to provide the relevant coverage to the Plaintiff.

It is undisputed that the Plaintiff failed to complete repairs within the required two-year period – a condition precedent in the policy to recovering replacement costs. Therefore, the Court finds that this case is not yet ripe for adjudication. Until the Plaintiff has actually completed its replacement, "it would be merely advisory for [this Court] to render a decision as to whether [the Defendant] has breached any obligation to pay replacement costs." Exec. Plaza I, 2010 U.S. Dist. LEXIS 99602, at *10; see also Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.

Ct. 2330, 45 L. Ed. 2d 272 (1975) (a federal court does not have the "power to render advisory opinions.") (citing North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971)).

While the Court recognizes that the Plaintiff's delay in repairs may be reasonable in light of the need to comply with government regulations, by the express terms of the policy, the Plaintiff had to complete repairs within two years, not within a reasonable time. Further, "[i]t is not the function of [this Court] to rewrite insurance policies so as to provide [more beneficial] coverage" than what is afforded under the express terms of the policy. Exec. Plaza II, 2012 WL 910086, at *5.

Accordingly, the Court grants the Defendant's motion to dismiss. Moreover, "[i]f the case is not ripe, there is no subject matter jurisdiction . . . [and] [d]ismissal without prejudice is [] the proper disposition in the ripeness context." Country View Estates @ Ridge LLC v. Town of Brookhaven, 452 F. Supp. 2d 142, 144 (E.D.N.Y. 2006). Because the Court lacks subject matter jurisdiction over this case, the Court declines to consider the other branches of the Defendant's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that the Defendant's motion to dismiss is granted and the complaint is dismissed without prejudice; and it is further

**ORDERED** that the Clerk is directed to close the case.


**SO ORDERED.**
Dated: Central Islip, New York
August 2, 2013

                *Arthur D. Spatt*
                ARTHUR D. SPATT
                United States District Judge